FALL 1809,
First District.

TROUARD
vs.
BEAUREGARD.

--->--●●●--<---

### TROUARD vs. BEAUREGARD

He, who bespeaks work for another, is a good witness.

WORK and labour done. The defendant employed one Latour to make certain plans for him. Latour finding it inconvenient to do them himself, employed the plaintiff, with the knowledge and without any objection made thereto by the defendant. At the trial, the plaintiff introduced Latour as a witness in his behalf.

*Ellery* for the defendant. The testimony of Latour is inadmissible, for he has an interest in the suit. He is liable to the plaintiff, and if the money is recovered from the defendant, he will be discharged. "He," the witness, "must besides be not interested, neither directly nor indirectly in the cause." *Civ. Cod.* 312, *art* 248.

*Mazureau*, for the plaintiff. Latour has no interest in the suit, either direct or indirect. He employed the plaintiff to do the defendant's work, with his (the defendant's) knowledge and approbation. The plaintiff knew that the witness was only the agent of the defendant, and had no other concern in the affair than to procure the defendant's work to be done. By bringing this action, the plaintiff, if he had any election, as to the person on whom he should call for payment, has determined his choice. *Peake* 112, *Straham*, 506.

*By the Court,* LEWIS, *J. alone.* Were a witness in the situation of the present, to be rejected, many debts would be lost for want of testimony. From the necessity of the case, the witness must be admitted, and his credibility left to be judged by the jury. It does not appear that he acted for himself, but for the defendant, with his knowledge and consent.

WITNESS SWORN.